BARFIELD, Judge.
Appellants/defendants challenge the denial of their motion for summary judgment, and the entry of summary judgment in favor of the appellees/plaintiffs, in an action to recover medical expenses paid pursuant to an employee benefits plan. We reverse.
Frances Davis, an employee of Okaloosa County, and her husband Ronald were covered under Okaloosa County’s self-funded employee benefit plan (the Plan), which was administered by Travelers Plan Administrators of Florida, Inc. (TPA). Travelers Indemnity Company (Travelers) issued an excess insurance policy which reimbursed the Plan for any participant’s medical benefits in excess of $50,000 paid during a plan year. Included in the Plan was the following provision:

Subrogation

If you incur medical expenses because of injury caused by the negligence or wrong doing of another party, that party is liable for the payment of your medical expenses. The administrator has the right to recover any payment made on your behalf when another person is responsible for medical expenses incurred.
On October 31, 1989, Ronald Davis was injured in an accident in Louisiana, as a result of which he incurred medical expenses. On December 28, 1989, Frances Davis executed the following reimbursement agreement sent to her by Travelers:
In accordance with the provisions of Oka-loosa Co., B.C.C.’s Benefit Plan, I, Frances A. Davis agree that in the event that monies are recovered from a carrier or a legally liable third person, in regards to the accident which occurred on 10-31-89 any and all monies that have been paid from Okaloosa Co., B.C.C.’s Benefit Fund will be repaid to the employee benefit fund as so stated in the attached coordination of benefits and subrogation clause.
The referenced attachment, which Travelers had also sent to her, read as follows:
SUBROGATION RECOVERY AGREEMENT
In the event of any payment under the Plan, the Plan shall be subrogated to all the Employee’s rights of recovery against any negligent person, organiza *1125 tion, or insurance which would pay on behalf of any such person or organization and the Employee agrees to reimburse the Plan out of any monies recovered from any person, organization, or insurance for medical benefits.
The Employee must supply any information or assistance asked for by the Plan which it needs to enforce its recovery rights. The Employee shall do nothing after a loss to prejudice such rights.
Travelers thereafter paid $166,813.59 in medical benefits.
As a result of the accident, the Davises initiated a tort action in a Louisiana federal court against several entities, including Baroid Corporation, Baroid Drilling Fluids, Inc., Dooley & Associates, and others, claiming as part of the damages Ronald’s medical expenses. Appellees’ untimely petition to intervene was dismissed, and the Davises were not allowed to present evidence regarding the past medical expenses paid by Travelers.[1] During the trial, the parties negotiated an $850,000 settlement which Baroid’s attorney explained to the Louisiana court as follows:
The deal is that Baroid and Dooley each will pay one-half of $750,000 in full and final settlement of all claims of Mr. and Mrs. Ronald Davis to conclude this litigation. We will indemnify the Davis family if and when any claim is made by The Travelers in regards to past lost medicals. We reserve the right to describe the settlement funds in whatever terms defense counsel feel best.
The releases stated that the Davises would hold the respective defendants[2] harmless for all subsequent claims except for any claims made directly against the defendants by Okaloosa, TP A, or Travelers for medical benefits paid to or on behalf of the Davises as a result of the accident. The agreement with Baroid and Dooley included a handwritten addendum stating:
Furthermore, Baroid Corporation, Baroid Drilling Fluids, Inc., Dooley & Associates will indemnify the Davis family if and when any claim is made by the Travelers Insurance Company, the Travelers Indemnity Company, Okaloosa County, and/or Okaloosa County Board of County Commissioners, and/or the Travelers Plan Administrators of Florida.
After unsuccessfully demanding reimbursement from the Davises for the $166,-313.59 expended for medical expenses, ap-pellees sued them in a complaint alleging a right of recovery under the subrogation provision of the Plan, as well as a common law subrogation lien (count I), and under Frances Davis’s December 28, 1989 reimbursement agreement (count II).
The answer admitted most of the allegations, denied that a common law subrogation lien existed, and denied appellees’ interpretation of the agreements. The Davises raised as affirmative defenses that the cause of action lay against the parties responsible for causing the accident, that they “have not recovered any sums representing payment or reimbursement for medical expenses incurred in that medical expenses paid by collateral sources are not recoverable by the Defendants against the tortfeasor in the State of Louisiana,” and that Frances Davis’s claim “was solely for loss of consortium and as such she did not recover any funds representing her hus *1126 band’s medical expenses.” Appellees denied the affirmative defenses.
Both sides filed motions for summary judgment, with accompanying supporting affidavits and other documents. The trial judge denied the Davises’ motion, granted appellees’ motion, and entered judgment in the amount of $166,313.59 plus interest.
As we interpret the relevant documents, appellees had the right to sue the tortfeasors directly for any medical benefits paid as the result of the accident, and the right to be reimbursed by the Davises out of any money they recovered on a claim for medical expenses. Contrary to appel-lees’ assertion on appeal, there is no indication in the releases that the Louisiana settlement included funds for medical expenses, and the affidavits of the lawyers involved aver otherwise.[3]
The summary judgment for appellees and the denial of summary judgment for the Davises is REVERSED, and the cause is remanded for entry of final judgment in favor of the Davises. Appellants’ motion for appellate attorney fees is GRANTED and the cause is REMANDED to the trial court for determination of the amount of such fees.
ZEHMER, C.J., and MICKLE, J., concur.

. Louisiana Civil Code Article 697 provides:
Art. 697. Subrogor and subrogee
An incorporeal right to which a person has been subrogated, either conventionally or by effect of law, shall be enforced judicially by:
(1) The subrogor and the subrogee, when the subrogation is partial; or
(2) The subrogee, when the entire right is subrogated.
The official comment states:
If there has been a total subrogation and the suit is brought in the name of the subrogor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff — the subrogee. If there has been a partial subrogation, and the suit is brought only by the subrogor or the subrogee, there is a nonjoinder of a necessary party. See Art. 642, supra. If the defendant fails to object timely to the nonjoinder of a necessary party, in a case of partial subrogation, the objection is waived and the court may make an adjudication. But if, in such a case, the partial subrogation is proven, the plaintiff may recover only his interest in the partially subrogated claim.

. The other Louisiana defendants made up the other $100,000 of the settlement.

. Since there is no transcript of the hearing, we do not know if this factual dispute was raised below, but the existence of a “disputed issue of material fact" is an added reason to reverse a summary judgement.